```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
NEW YORK SOCIETY FOR THE RELIEF OF                                 :
THE RUPTURED AND CRIPPLED,                                         :
MAINTAINING THE HOSPITAL FOR                                       :
SPECIAL SURGERY d/b/a HOSPITAL FOR                                 :
SPECIAL SURGERY,                                                   :
                                                                   :
                                      Plaintiff,                   :
                                                                   :
                -v-                                                :
                                                                   :
WRIGHT MEDICAL TECHNOLOGY, INC.,                                   :
MICROPORT SCIENTIFIC CORPORATION,                                  :
MICROPORT MEDICAL, B.V., and                                       :
MICROPORT ORTHOPEDICS INC.,                                        :
                                                                   :
                                      Defendants.                  :
                                                                   :
------------------------------------------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 24, 2015
```

15-cv-2871 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On June 15, 2015, plaintiff moved to dismiss the first, second, and third causes of action brought by defendant MicroPort Medical, B.V. pursuant to Fed. R. Civ. R. 12(b)(6) and to strike the third affirmative defense of impracticability for all defendants pursuant to Fed. R. Civ. P. 12(f). (ECF No. 35.)

For the following reasons, plaintiff's motion is DENIED.

I.   BACKGROUND

Plaintiff commenced this action to recover royalties owed by defendants pursuant to a license and product development agreement ("License Agreement") made with defendant Wright Medical Technology, Inc. ("Wright") on September 15, 2002. (ECF No. 1.) The License Agreement granted Wright rights to the "913 Knee

System", a knee joint prosthesis developed by plaintiff, in exchange for royalty payments for sales of all "Licensed Products." (Counterclaim ¶¶ 60-63, ECF No. 30.) The parties performed under the License Agreement for several years. (Id. ¶ 67.) Then, in September 2010, the U.S. Attorney's Office for the District of New Jersey filed a criminal complaint against Wright for allegedly offering financial payments to orthopedic surgeons in exchange for the surgeons' use of Wright's hip and knee joint reconstruction and replacement products. (Id. ¶ 72.) Wright avoided prosecution by entering into a Deferred Prosecution Agreement ("DPA") with the U.S. Attorney's Office and a Corporate Integrity Agreement ("CIA") with the U.S. Department of Health and Human Services, requiring it to create procedures that would ensure all existing contracts between Wright and health care businesses do not violate the Anti-Kickback Statute. (Id. ¶ 78.) Wright reviewed all of its royalty agreements as a result of the DPA and CIA. (Id. ¶¶ 81-83.) In April 2011, Wright ceased paying certain royalties to plaintiff under the License Agreement because of its determination "made in conjunction with the Monitor, that the License Agreement's royalty rates and terms exceeded fair market value." (Id. ¶ 90.) Wright elected not to terminate the License Agreement, even though plaintiff was unwilling to renegotiate its terms. (Id. ¶¶ 90, 95.) Instead, it paid plaintiff reduced royalties it determined to be consistent with fair market value. (Id. ¶ 90.)

In January 2014, defendant MicroPort Medical, B.V. assumed from Wright all rights and obligations associated with the License Agreement. (Id. ¶ 96.) MicroPort Medical continued paying the reduced royalties to plaintiff.

II.    LEGAL STANDARDS

    A.    <u>Standard for 12(b)(6)</u>

A counterclaim is subject to dismissal under Fed. R. Civ. R. 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a claimant must provide grounds upon which their claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" <u>Starr v. Sony BMG Music Entm't</u>, 592 F.3d 314, 321 (2d Cir. 2010) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

    B.    <u>Standard for Impracticability</u>

A party seeking to excuse contractual performance on the basis of impracticability must demonstrate that (1) an event made the performance impracticable; (2) the non-occurrence of the event was a basic assumption on which the contract was made; (3) the impracticability resulted without the fault of the party seeking to be excused; and (4) the party has not assumed a greater obligation than the law imposes. <u>See</u> Restatement (Second) of Contracts § 261 (1981); <u>see also</u>

3

Edge Group WAICCA LLC v. Sapir Group LLC, 705 F. Supp. 2d 304, 318-19 (S.D.N.Y. 2010); Kel Kim Corp. v. Cent. Mkts., Inc., 70 N.Y.2d 900, 902 (1987).

Plaintiff argues that an impracticability defense is inappropriate here because the impracticability was generated by a governmental order to which defendant gave its consent. "[A]lthough governmental orders barring an action are normally grounds for an impossibility defense, impossibilities caused by such orders 'will excuse a party's performance only if the fault of the party owing performance did not contribute to the order.'" MG Refining & Mktg., Inc. v. Knight Enters., 25 F. Supp. 2d 175, 188 (S.D.N.Y. 1998) (J. Sotomayor) (quoting Lowenschuss v. Kane, 520 F.2d 255, 265 (2d Cir. 1975)); see also Harriscom Svenska, A.B. v. Harris Corp., 3 F.3d 576 (2d Cir. 1993) (allowing an impossibility defense where the party had agreed to a consent order with the government forbidding it from fulfilling five of its eight outstanding deliveries of radio products to Iran). Both MG Refining and Harriscom Svenska, for which a determination on the validity of an impracticability defense was essential, were resolved at summary judgment.

III.  DISCUSSION

Plaintiff moves to dismiss MicroPort's counterclaims for rescission, declaratory judgment, and restitution on the basis that MicroPort's obligation to perform under the License Agreement cannot be excused as a result of impracticability caused by Wright and where the criminal and civil charges were foreseeable to Wright. Plaintiffs move to strike defendants' Third Affirmative Defense of impracticability on the same basis. Defendants, however, assert that

performance under the original terms of the License Agreement became impracticable. They argue that they must pay reduced royalties because the rates outlined in the License Agreement exceed fair market value, payment of such high royalties would violate the DPA, CIA, and Anti-Kickback Statute, and such payments could subject MicroPort to criminal prosecution and government-imposed sanctions.

Resolution of these arguments necessarily involves factual determinations and an evaluation of evidence that is not the proper subject of a motion to dismiss. For example, the Court cannot evaluate whether the criminal and civil charges were foreseeable to Wright without close examination of supporting documents. Questions such as whether plaintiff was allowed under the License Agreement to reduce royalty payments, whether the DPA, CIA or Anti-Kickback Statute necessitated the reduction of payments, or whether it was proper to reduce the rate to the levels it did will have to wait for another day. At the motion to dismiss stage, MicroPort has pled sufficient facts to show that its counterclaims are plausible. Further, the Court will not strike the defense of impracticability when the resolution of such a defense is so tied up in factual determinations.

IV.   CONCLUSION

For the reasons stated above, plaintiff's motion is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 35.

SO ORDERED.

Dated:     New York, New York
           July 24, 2015

_____
                    KATHERINE B. FORREST
                    United States District Judge